We'll take up Gomez v. Torrance. Good morning, Your Honors. May it please the Court, I'm Conrad Herring, representing the appellants and the plaintiffs. It's a pleasure to be here this morning, and I have to say I'm looking forward to eating and sleeping normally again. I don't know what these cases are doing, but I'd rather be nervous than not care about them. This is a wrongful death case, as the Court is aware. The complaint was filed after the statute of limitations expired. Excuse me. Is this a statute of limitations issue? What date did the statute of limitations expire? It would have been August 19, 2006. But for your claim of equitable estoppel? For claiming equitable estoppel, I think there's some confusion in the district court and all the way up into the appeal as to what that means. I'd like to start first with what I think we all agreed on factually and as to the law, because we agreed that the plaintiff's son was shot and killed by a Torrance police officer, and we know they were informed of that event the next morning. Under federal law, I agree with appellees that that gave them the requisite knowledge to know that they had a potential claim for a wrongful death. That means that they didn't necessarily have a viable claim, but they were on notice that they had at that point a limited period of time to bring their lawsuit, to contemplate bringing the lawsuit to investigate. And actually, during that time, they filed a wrongful death claim with the city of Torrance, further evidencing that they know that there's a potential claim there. The statute of limitations does expire. It's undisputed. And the lawsuit is filed almost six months after the statute of limitations expires. There's an intervening event that takes place from the time the statute expires. It causes the plaintiffs to reconsider and actually file this lawsuit. Those are the fraudulent concealment allegations that the plaintiffs allege. The Torrance Police Department covered up what really happened. They withheld evidence. They concealed some evidence. They actually changed some evidence. And what they did, based on our allegations, is recreate the scene to justify the shooting. We pled everything we knew at the time when we filed the complaint. During discovery, we learned additional allegations, and we proffered those to the district court in response to the summary judgment motion. Those include, I think, more serious allegations than we were aware of when we filed a complaint. Those include the withholding of a material police eyewitness statement. It goes to the heart of the liability, whether or not the defendant or the suspect was armed, whether or not there was a deadly situation inside the restaurant. But it goes to the concealment issues as well. We asked the court for leave to conduct additional discovery based on the new allegations that we learned in discovery. That is both the you received a copy of the full original police report and a copy of the surveillance tape? In discovery. In discovery. Correct. Right. We also obtained those before filing the lawsuit, but after the statute of limitations expired. And the allegations of the concealment deal with the surveillance video being extremely inconsistent with what's in the police reports. Dealing with the appellee's summary judgment motion, it's brought on very limited legal grounds. The facts are undisputed based on their motion. They're simply saying what I've already recited. And they're saying that our allegations are post-accrual. And because they're post-accrual, they're irrelevant to the summary judgment issue. The brief filing by appellees, it's a brief dealing with the discovery rule, not equitable estoppel. Equitable estoppel actually presumes that the cause of action has accrued. And during the statutory period, from accrual to expiration, the allegations for estoppel require the appellee, the plaintiff, to allege that there's some concealment that causes them to forego filing the lawsuit. When appellees say that those allegations are irrelevant, they're misunderstanding that tolling issue, and they're focused solely on the issue of the discovery rule. So they didn't brief it. They didn't challenge our allegations. And they said they were irrelevant. What the district court went and did was look at the allegations and then say that they weren't sufficiently pled. We disagree with that. But we asked the district court to amend, and the district court denied that. Ginsburg. It's kind of an odd procedural posture when the motion is for summary judgment and we're discussing the allegations in the complaint. You have the evidentiary facts, right? Correct. There was we did produce evidence in support of the allegations, but their motion deems the allegations irrelevant. In other words, we could prove them conclusively, but according to their motion, it doesn't matter because the allegations of concealment are post-accrual. They missed the issue on equitable estoppel because equitable estoppel requires the cause of action to accrue. That's the legal issue. Did the district court rule that the pleading was insufficient, or did the district court rule that you didn't come up with a sufficient showing in opposition to the summary judgment motion? What can you tell? Your Honor, I'm not completely clear what the district court was doing. It did state, and it's in its conclusion when it's ruling on, it says the plaintiff did not plead with sufficient particularity. And didn't he also say it didn't come forward with sufficient evidence? The Court does say that there's no evidence. But if you read the Court's ruling, along with the hearing testimony, what the judge is asking for in the hearing, the judge is asking for proof within the complaint itself. That's the way I interpret what the Court has done. To the extent that the Court is saying, well, you didn't come up with sufficient evidence to respond to the summary judgment motion, I make three points. One, appellees say it's irrelevant, so if we were to prove them conclusively, it's – it doesn't address the legal issue that they put before the Court. So they haven't properly raised the issue of whether the concealment allegations are proved. Secondly, we do have evidence in the record. You don't have to prove them on summary judgment. I'm sorry? You just have to show there's a genuine issue of material fact if it's summary judgment. But the district court somehow confused or conflated the two standards between what the complaint had to allege and what you had to show to support the complaint. But that's not the standard we should be looking at at this stage. I agree. I'm not sure where the Court was headed when it did what it did, but it's ruling. It's granting summary judgment. But it can't grant the summary judgment brought by appellees because theirs is a very narrow legal argument. They're saying we're barred by the discovery rule. And I agree with that. Well, did you file an opposition to the motion for summary judgment? Yes, I did, Your Honor. And what did that consist of? That consisted of, well, our legal arguments. We also raised evidentiary issues. We provided evidence. You provided the evidence. It's alleged in the complaint. We did. And we asserted there's video surveillance that supports our allegations in part. There's also my declaration. There are still framed photographs that actually show the shooting scene itself that support our allegations. But also, I want to get back to the point of our request to conduct additional discovery, because what we learned in discovery further supports the fraudulent concealment. So you made a motion under 56F? That is correct, Your Honor. After the motion for summary judgment had been filed? In our response. Okay. In our response and also, I believe, at the hearing. At the hearing, when the Court was questioning the sufficiency of the allegations, we did ask for leave to amend at that time. But the Court didn't rule on that. The Court seemed to be saying, if you read the opinion, that failure to adequately plead weighs the defense. And that's not correct, because the Court has to at least exercise its discretion and consider whether amendment would be futile. And if they say it wouldn't. Well, at this point, you don't really. I mean, at this point, you should be going by the pretrial conference schedule or the scheduling order. I mean, at some point, those orders would supersede the complaint. I mean, you've had discovery. You're on summary judgment. I don't know why. The summary judgment. Yes, Your Honor. We began discovery in earnest in April. And we requested the eyewitness statements and the surveillance video. We received those in June. Discovery cutoff was not until November 12th. They filed their motion in July. And Local Rule 7.3 requires them to tell us where we can then discuss these issues. I would submit that if we had discussed them, they would have said the evidence of the fraudulent concealment allegations aren't relevant, because they, again, their argument is they post-date the accrual, so they have no application. We're asking this Court to reverse the summary judgment. We demand either to give us the opportunity to file a First Amendment complaint or to proceed on the original complaint. We believe it's sufficient, sufficiently pledged. And we did include evidence to support those allegations, even though the allegations aren't the subject of their motion and they're not challenged. Does the Court have any other questions? Thank you, counsel. Thank you. Good morning, Your Honors. Bob Dado for the Appeal of the City of Torrance and David Maitland. I want to go straight to address some of the Court's concerns and questions. I don't know if they're concerns. They're questions. There was a question, I believe, Judge Wardlaw, what did the plaintiffs have and when did they have it? The plaintiffs had the police investigation report early on. It was the period they got it shortly after. It was the redacted police investigation. It was the one that omitted the fact that there was a discrepancy between the two officers to the story. I don't believe that was the redaction, Your Honor. I believe the redaction was simply that the names were redacted. I believe that's what the record shows. The names were redacted, but not information. My understanding of what plaintiffs' allegations are is that the police report was somehow inaccurate or incomplete, but I don't believe it was a situation where there was a paragraph that was lined out, for example. I don't think there's any evidence in the record that would suggest that. But it's interesting about the report. In the report, as I said, the plaintiffs get early on. And I missed this fact when I did the appellee's brief, so I'm not trying to sandbag anybody. It was one little line in the record, but it's an important line that this Court should know. The police investigative report references the surveillance video. How do we know that? We know that from the declaration of Mr. Herring in opposition to the motion for summary judgment, where he says that he's attempting to authenticate the pictures that come from the video, and he says it's authenticated on the basis of the investigative report. And this is on page 54 in the excerpts of record, lines 6 and 7. So we know that the investigative report, the one that the plaintiffs get early on, references the surveillance video. Now, if I'm a defendant and I'm trying to fraudulently conceal something to prevent a plaintiff from filing a lawsuit, the last thing I do is give them a report that says, hey, there's a video. There's a video here. There is no evidence of fraudulent concealment in this case. That's the point that I want to bring home here. If plaintiff's theory of fraudulent concealment or equitable estoppel is correct, then any time you have an allegation that there is an inaccurate statement in a police report concerning police conduct, it tolls the statute of limitations. I am not aware of any case that's gone that far, and it doesn't make any sense that it does. This is on summary judgment. Correct. They have to do some evidence that shows there's a disputed issue of material fact here. This isn't – I don't understand the judge's order. He keeps referring to allegations in the complaint, and that's not where this case is. And I do want to get to that, because I was confused a bit, too, when I saw the order. But it comes down to the cases, and we've discussed them in our brief. Grimmett is one of them. There are others. There's another case that basically says, even on summary judgment, in this sort of a situation when plaintiffs are alleging that the statute of limitations is somehow told, they have to plead and prove their allegations, and that this is properly part of a summary judgment procedure. There are a number of cases that have done it, I assume because it's common in these sorts of situations when statute of limitations is raised on a motion for summary judgment that the opposition raises this issue. So the court, the district court, found that it was not sufficiently plead. The allegations in the complaint are not sufficient. So the only question before us is, is he right about that? If the allegations were sufficient, then the judgment has to be reversed. No. I would say no, because the other prong is it has to be sufficiently pleaded and proved. The court found both. The court never got to that point. Oh, it did, because otherwise the court would not have said there is not a shred of evidence to support these allegations. So the court did reach that issue, Your Honor. It was an alternative grounds. Judge Wright said you didn't plead it, you didn't prove it. That's right in his order. He doesn't make it that clear that he's saying that. You know that. I've read that paragraph a few times myself. I'm sorry. That's how I read it. I'm not trying to be cute here, Your Honor. That's how I read it. Of course, of course, you're going to read it the way that's most favorable to you. I'm an advocate, I suppose I have to do that. No, I'm telling you honestly, that's how I read it. I'm not trying to deceive anybody. The court said, for the reasons discussed, the court finds the plaintiffs have not sufficiently pled with particularly the facts that give rise to the fraudulent concealment and tolling defense. It's such that such limitation has expired. True. This is a pleading case. You may have used the terminology of summary judgment. What he decides is insufficient pleading. So we have to consider whether the pleading was sufficient. We don't have any analysis of the evidence presented in summary judgment. Wait. I'm sorry. I understood you right up until the end, Your Honor. I'm sorry. We have no analysis by the court as to whether the evidence was sufficient. The foundation for the court's ruling is that there was insufficient pleading. So that's what we have to look at. And what's your position on that? My position is that it's not sufficiently pleaded and that it's not sufficiently proven. And this Court can affirm on either ground. That's what my client's position is, that there is insufficient evidence of concealment. What there is evidence of is that there are certain things in the report that they claim are not true. That's true. And we live with that allegation. That's fine. That's not the same as concealment. That's not the same as preventing someone from discovering they have a cause of action. But if you look at the complaint, there are about 18 paragraphs reciting instances of concealment. Now, do you say that's not sufficient pleading? I do say that. I say that that is not sufficient because the city did nothing to prevent plaintiffs from discovering they had a cause of action. I understand what their allegations are. They said, well, you didn't include this in the report. You didn't include that. And they conclude, well, you concealed those facts. I understand that that's what the allegations are. But what I see missing, I think what Judge Wright saw missing, was active effort by the city to make sure these plaintiffs never knew what was going on. And that's not what happened. And certainly that's not what happened when you have a police report in your possession that references a surveillance video. How can there be concealment on those facts or on that pleading? That's our position. You can't have fraudulent concealment on those facts as a matter of law. But they allege everything that would satisfy under a notice pleading standard, which is what we have, a fraudulent concealment claim. This is notice pleading in federal court. And I understand. You don't have to plead every single fact. Sure. And the only thing we decide now is whether the grand summary judgment on this record was proper. Obviously. Sure. And if we say no, you haven't said who wins or who loses. I understand. And battle that out in trial. I certainly understand that. And, again, I apologize. I guess I see. Maybe I should apologize. But I think you were taking us beyond that point. I think you were taking us to look at, I don't know, whatever proof there is on either side to say. That's because I honestly would judge Wright's order as in the alternative. And if the court disagrees, then the court disagrees. And we can't look at that. If the holding is no, it's strictly a pleading case, and we look at the allegations and then we're done, even though it came up on summary judgment, then I understand. My position is I don't read Judge Wright's order that narrowly. There is a discussion of the evidence, and I don't believe there is evidence of fraudulent concealment on this record. And that makes the affirmance of summary judgment proper. But I think the court understands my point, and that's fine. So unless the court has further questions, I will submit. All right. Thank you, counsel. Thank you. Okay. Gomez v. Torrance is submitted. Jamison v. Astru has been removed from the calendar, as has Jimenez v. Franklin.
judges: Farris, Wardlaw, Schwarzer